UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN LAVOLPA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 1:15-cv-00753-WTL-TAB |
| | ) |
| KEITH BUTTS,[1] | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Steven Lavolpa for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 15-02-0103. For the reasons explained in this Entry, Lavolpa's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] Superintendent Keith Butts, the plaintiff's current custodian, is **substituted** as the proper respondent in this action.

### B. The Disciplinary Proceeding

On February 3, 2015, Officer M Johnson wrote a Report of Conduct in case CIC 15-02-0103 charging Lavolpa with use of a controlled substance. The Report of Conduct states:

> On February 03, 2015 I, IA M. Johnson had a conversation with Offender Lavolpa, Steven 110412 in his cell 19-4D, during the conversation he stated he used Suboxone three weeks ago and that Suboxone is his drug of choice. He made this statement to myself and Sgt. Farmer. Offender Lavolpa is in clear violation of ADP code 202. Use or possession of a controlled substance.

On February 6, 2015, Lavolpa was notified of the charge of use of a controlled substance and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Lavolpa was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He did not request any witnesses or physical evidence.

The hearing officer conducted a disciplinary hearing in CIC 15-02-0103 on February 10, 2015, and found Lavolpa guilty of the charge of use of a controlled substance. In making this determination, the hearing officer stated, "The conduct report is clear. He addmitt(*sic*) to use three week(*sic*) ago."

The hearing officer recommended and approved the following sanctions: a written reprimand, 30 days lost commissary and phone privileges, and a 30 day deprivation of earned credit time.

Lavolpa's appeals were denied and he filed the present petition for a writ of habeas corpus.

### C. Analysis

Lavolpa challenges his disciplinary conviction arguing that there was no physical evidence to support the charges and that he was not provided the opportunity to request evidence.

1. *Physical Evidence*

In three of his arguments for relief, Lavolpa asserts that that there was no physical evidence to support the conviction. Each of these arguments amounts to an assertion that the evidence was insufficient to convict him. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

Here, the Report of Conduct and the statement from Sergeant Farmer both show that Lavolpa admitted that he used a controlled substance during his incarceration. This is sufficient to support the charge. *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999) (A report of conduct alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence.). To the extent that Lavolpa relies on a misstatement in the Report of Disciplinary Hearing, any error was harmless. Although an inmate is entitled to a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action, the written statement requirement is not onerous. *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). The written statement need only indicate what evidence was relied on and why. *Id*. Here, it is clear from the hearing officer's written statement that he relied on the Report of Conduct in which Lavolpa admitted to using a controlled substance in the prior three weeks. Specifically, the Report of Disciplinary Hearing states, "The conduct report is clear. He addmitt(*sic*) to use three week(*sic*) ago." Any error on the portion of the form containing checked boxes is clarified by the hearing

officer's plain statement that he relied on the Report of Conduct which stated that Lavolpa admitted to using a controlled substance, a statement confirmed by the statement of the other correctional officer present. Any error on the Report of Disciplinary Hearing is therefore harmless. *See Powell v. Coughlin*, 953 F.2d 744, 750 (2nd Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings).

### 2. *Denial of Evidence*

Lavolpa also argues that he was not given "the chance to ask for evidence at the hearing or at screening." But he does not explain what evidence he would have requested or how it would have changed the outcome of the disciplinary hearing. The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011). Because Lavolpa has not identified what evidence he would have presented or how it would have aided his defense, he has failed to show any error in the alleged denial of evidence.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Lavolpa to the relief he seeks. Accordingly, Lavolpa's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_

Date: 4/5/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

STEVEN LAVOLPA
110412
New Castle Correctional Facility
PO Box A
New Castle, IN 47362

Electronically Registered Counsel